{¶ 22} I agree with the majority opinion which affirms the judgment of conviction.
 {¶ 23} Circumstantial evidence is good evidence. The trial court could properly infer that the property was a nuisance on March 21, 2006, based upon evidence that it was littered a month prior to that date, when a notice was sent to Tripp, and it was littered on March 23, 2006, the date the citation was served.
 {¶ 24} The dissent would require the prosecution to establish that Tripp "owned or controlled the litter that collected or remained at 14 West New Haven Street." [Dissent, at ¶ 29-30.] There is no such requirement. Bloomville's ordinance provides that it is an offense to "cause or allow littler to be collected or *Page 12 
remain." Tripp resided at the property; a Nuisance and Abatement Complaint was sent by certified mail to Tripp at the property, and Tripp was the recipient of the citation. Thus, there was evidence presented that Tripp controlled the property and no evidence was presented that challenged this evidence.
 {¶ 25} Under the facts presented here, there is sufficient evidence for any reasonable trier of fact to find Tripp guilty. Tripp is entitled to a fair trial, not a perfect trial. State v. Jones, 90 Ohio St.3d 403,422, 2000-Ohio-187, 739 N.E.2d 300.